United States District Court
Southern District of Texas
**ENTERED**
April 16, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YESSICA Y. GODOY-GUDINO, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-00815 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| BRET BRADFORD, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Yessica Y. Godoy-Gudino filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 2, 2026. Dkt 1. The Government was ordered to show cause and filed a motion for summary judgment in response. See Dkts 4 (order) & 5 (motion).

Prior order granted the motion for summary judgment and denied the petition without prejudice, as Petitioner only raised issues resolved by the Fifth Circuit's decision in *Buenrostro Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 7 at 4. Petitioner was given leave to file an amended petition within ten days. Ibid.

Petitioner filed an amended petition. Dkt 8. She continues to acknowledge illegal entry into the United States at a prior date and now further asserts that her present detention violates (i) the *Accardi* doctrine as to regulations relating to arrest, and (ii) procedural due process. See id at 4–8.

Pending also is a second motion by the Government for summary judgment. Dkt 10. It maintains that no bond hearing is required because Petitioner is subject to

mandatory detention under 8 USC §1225(b)(2)(A) as interpreted in *Buenrostro-Mendez*. See id at 1–2. It further contends that Petitioner's arguments under procedural due process and the *Accardi* doctrine fail on the merits. See id at 3–9. Petitioner responds that the Government is not entitled to summary judgment and requests that ruling on the motion be deferred to allow for limited discovery under Rule 56(d). See Dkt 11 at 3–14.

The undersigned has already rejected the newly asserted claims in the recent decisions of *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex), and *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex).

*As to the* Accardi *doctrine*, the claim amounts to a challenge to the lawfulness of her arrest. See Dkt 8 at 5–7. But an illegal arrest has no bearing on the legality of detention *following* that arrest. See *Llanes Carnesolta*, 2026 WL 948727 at \*4; see also *INS v Lopez-Mendoza*, 468 US 1032, 1040 (1984) (holding that "the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding"). And in any event, the Government has now filed the warrant used in Petitioner's arrest. See Dkt 12-1 (warrant).

*As to procedural due process*, it doesn't require an individualized custody determination beyond the mandate of a validly enacted law such as 8 USC §1225(b)(2)(A). See *Penafiel Clavijo*, 2026 WL 923310 at \*2–4. And detention doesn't yet approach even the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), even assuming that limitation as to post-removal-order detention applies here. See ibid.

The motion for summary judgment will thus be granted, and the petition for writ of *habeas corpus* will be denied. Such issues being resolved purely as legal questions upon undisputed facts, the request for additional discovery will thus also be denied.

\*   \*   \*

The motion by the Government for summary judgment is GRANTED. Dkt 10.

2

The amended petition for writ of *habeas corpus* by Petitioner Yessica Y. Godoy-Gudino is DENIED. Dkt 8.

The request for limited discovery by Petitioner is DENIED. Dkt 11 at 13.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on __April 14, 2026__ , at Houston, Texas.

Honorable Charles Eskridge
United States District Judge

3